UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GAYLON L. WARDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00204-NT |
| | ) | |
| | ) | |
| RODNEY BOUFFARD, | ) | |
| Warden, Maine State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

Petitioner Gaylon L. Wardwell has filed a petition seeking relief pursuant to 28 U.S.C. 2254, following an unsuccessful state court post-conviction challenge to the Maine Parole Board's 2012 decision to deny him parole. (Petition, ECF Nos. 1, 4.)[1] As part of his response to Petitioner's filing, Respondent requested that the Court dismiss the matter. After review of the petition, and the parties' arguments, as explained below, because Petitioner was not denied the minimal federal due process to which he was entitled in the parole proceeding, the recommendation is that the Court deny relief and dismiss Petitioner's federal habeas petition.

I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of murder in 1960 following a jury trial. *Wardwell v. State*, No. 12-234 (Me. Super. Ct., Aro. Cnty, Sept. 11, 2013) (Post-conviction Decision).[2] The conviction

---

[1] The petition was filed in two parts, at ECF No. 1 and ECF No. 4, and without a signature. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires that such petitions be "signed under penalty of perjury." This requirement arises from 28 U.S.C. § 2242. Although this decision recommends that the Court deny relief, if the Court does not object to the recommendation, Petitioner should be required to file a petition that complies with Rule 2(c)(5) before he proceeds further in the matter.

[2] The state court record for the petition that is currently pending in this Court was filed in paper and consists of (1) the state court record filed in Petitioner's prior 28 U.S.C. § 2254 petition, *Wardwell v. Barnhart*, No. 1:11-cv-00471-NT;

was upheld on appeal. *State v. Wardwell*, 158 Me. 307, 183 A.2d 896 (1962). Petitioner was subsequently sentenced to life imprisonment. (Post-conviction Decision at 1.) In 1973, Petitioner was granted parole. (*Id.*)[3] In 2001, the Parole Board found that Petitioner had violated a condition of his parole by committing new criminal conduct consisting of unlawful sexual contact. (*Id.* at 1 & n.1.) Petitioner's parole was revoked and he was ordered to serve an additional five years. (*Id.* at 1.)[4] The Parole Board next considered his application in 2006, and denied parole for another five years. (*Id.*)

In November 2011, the Parole Board reviewed Petitioner's case, but continued the hearing on the matter to permit Petitioner to consult with an attorney. *Wardwell*, 2012 WL 627996, at *2, 2012 U.S. Dist. Lexis 23357, at *4 (U.S.D.C. D. Me. Feb. 23, 2012) (recommended decision), 2012 WL 1820927, 2012 U.S. Dist. Lexis 69689 (U.S.D.C. D. Me. May 18, 2012) (order affirming recommended decision). In December 2011, Petitioner filed a petition for federal habeas relief, in which petition he argued that his life sentence had been discharged. 2012 WL 627996, at *2, 2012

---

(2) the Maine State Parole Board May 17, 2012, Notice of Parole Decision and the May 14, 2013, letter from the Parole Board to the Attorney General's office explaining the factors that the Board considered in its 2012 decision; (3) the state court post-conviction docket sheet, petition, amended petition, *pro se* motion to amend the petition, post-conviction hearing transcript, and the court's decision; and (4) the state court appellate record, including the docket sheet, Petitioner's memorandum in support of his request for discretionary review, his *pro se* supplemental memorandum, and the Law Court's order denying discretionary review. The state court record in Petitioner's prior section 2254 case was filed electronically in *Wardwell*, No. 1:11-cv-00471-NT, and appears at ECF No. 3-1 on the docket for that case.

[3] Under Maine law, parole "applies only to those persons in the custody of the Department of Corrections pursuant to a sentence imposed under the law in effect prior to May 1, 1976." 34-A M.R.S. § 5801. Although the record does not reflect the date on which the sentence of life imprisonment with parole was imposed, Petitioner was granted parole in 1973, and, therefore, it is clear that sentencing occurred before May 1, 1976.

[4] The post-conviction decision states that Petitioner was initially convicted in 2001 of unlawful sexual contact in violation of then-in-effect 17-A M.R.S. § 255(1)(C) (Class C), but an amendment to the indictment caused the court to vacate the felony count, but leave undisturbed a misdemeanor conviction. (Post-conviction Decision at 1 n.1.) At the post-conviction hearing, the chairman of the Parole Board testified that even if the Board had known that Petitioner's felony conviction would be or had been vacated, that fact would not have made a difference in the outcome of the Parole Board's decision in either 2001 or 2012, as the Board was focused on the nature of the conduct that led to the conviction rather than the offense level of the conviction. (Post-conviction Tr. at 14-17.)

U.S. Dist. Lexis 23357, at *4-5. Because Petitioner had not exhausted his state court remedies, this Court denied the petition in May 2012. *Id.*, 2012 WL 627996, at *1-3, 2012 U.S. Dist. Lexis 23357, at *4-7. The First Circuit Court of Appeals subsequently dismissed Petitioner's appeal for lack of prosecution. *Wardwell v. Barnhart*, No. 12-1669 (1st Cir. Aug. 15, 2012).[5]

In May 2012, the Parole Board considered Petitioner's eligibility for parole as part of a routine review, and the Board again denied Petitioner parole. The May 2012 decision was the subject of Petitioner's state court post-conviction action, and is now the focus of the pending section 2254 petition. In its Notice of Parole Decision, which was addressed to Petitioner, the Parole Board stated:

> The Maine State Parole Board has on this 17[th] day of May, 2012[,] given your case consideration and has arrived at the following decision: . . . That you be DENIED parole, because of the following: The Parole Board has no confidence that, if released on parole, you would be better than the last time you were in the community under supervision. The Board is denying you four years flat.

(Notice of Parole Decision.)

Petitioner filed for post-conviction review in state court in July 2012. (Post-conviction Docket Sheet at 1.) Petitioner asserted four grounds in his *pro se* state court petition: (1) that the Parole Board fabricated evidence to deny him parole; (2) that prison officials deliberately did not allow him to make a re-entry plan;[6] (3) that the Parole Board violated his due process rights by relying on out-of-date parole guidelines; and (4) that Petitioner received ineffective assistance of counsel in the parole proceeding. (State Court Petition.) In an amended state court petition filed by counsel in March 2013, Petitioner alleged three grounds, two of which were related to

---

[5] The First Circuit's judgment and mandate in *Wardwell v. Barnhart*, No. 12-1669 (1st Cir. Aug. 15, 2012), appear on this Court's docket in Petitioner's prior section 2254 case, No. 1:11-cv-00471-NT, at ECF Nos. 13, 14.

[6] As noted in the state court's post-conviction decision, "[a] 're-entry plan' is an explanation that an inmate presents to the Board describing his plans for housing, support, and supervision upon his admission to parole and release back into the community." (Post-conviction Decision at 2 n.2.)

3

Petitioner's due process rights regarding his re-entry plan, and one of which consisted of a claim of ineffective assistance of counsel in the Parole Board hearing. (Amended State Court Petition.) In May 2013, and again in July 2013, Petitioner made additional filings in the state court proceeding.[7]

In August 2013, the Superior Court conducted an evidentiary hearing at which Petitioner was represented by counsel. The chairman of the Parole Board testified, as did Petitioner and the attorney by whom Petitioner was represented in the parole hearing. (Post-conviction Tr. at 7, 37, 61.)

In September 2013, the Superior Court denied Petitioner's request for post-conviction relief. (Post-conviction Tr. at 1; Post-conviction Docket Sheet at 3.) The court determined that the Board did not violate Petitioner's due process rights. (Post-conviction Decision at 2-6.) Assuming, without deciding, that Petitioner had certain procedural due process rights in the parole proceeding, the court reasoned that the rights would consist of notice and the opportunity to be heard, neither of which rights were cited by Petitioner as a basis for his due process challenge. (*Id.*) The court also found that Petitioner's parole proceeding was in substantial compliance with the Board's regulations. (*Id.*)[8]

In rejecting Petitioner's due process arguments, the court concluded that the fact that the proceeding was not recorded did not violate Petitioner's due process rights.[9] In addition, the court

---

[7] Petitioner's "Motion for Clarification" was included as Attachment E to Petitioner's *pro se* Supplemental Memorandum filed in the Law Court. The Superior Court docket sheet reflects that this *pro se* motion initially was filed in July 2012, before the evidentiary hearing on the post-conviction petition. (Post-conviction Docket Sheet at 2.)

[8] The post-conviction court cited the statutory authority for the Parole Board's rule-making power, which provides: "The board may promulgate rules, in accordance with the Administrative Procedure Act, Title 5, chapter 375, pertaining to its functions set out in this chapter." 34-A M.R.S. § 5211(1) (footnote omitted). The court also cited the Board's regulations, 03-208 C.M.R. ch. 1, § II (The Parole Release Decision). (Post-conviction Decision at 3 n.3.)

[9] The State represents that the Superior Court asked the State to recreate the record of the parole hearing. (Response, ECF No. 7, at 2 n.1.) In response, the State filed a letter dated May 14, 2013, from the chairman of the Parole Board.

determined that the Parole Board did not violate Petitioner's due process rights even if the Board was not aware that one of Petitioner's 2001 convictions had been vacated. The court noted that the Board chairman testified that the Board focused on the conduct and not the offense level. (*Id.* at 5.) The court also concluded that the lack of a signature on the Parole Board's notice of decision did not violate Petitioner's due process rights. (*Id.*) Finally, the court found that a quorum of the Board was present at the parole hearing. (*Id.*) Regarding Petitioner's claim of ineffective assistance of counsel, because the Parole Board's denial of Petitioner's request for parole was based on a number of factors that were unrelated to counsel's performance, the state court concluded that Petitioner was not prejudiced by any of counsel's alleged deficiencies. (*Id.* at 7-8.)

In April 2014, the Law Court denied Petitioner's request for discretionary review. (Order Denying Certificate of Probable Cause.)[10] In May 2014, Petitioner filed the pending section 2254 petition. In his petition, he asserts that he was denied procedural due process because (1) the parole hearing was not recorded, (2) the parole decision was based on mistaken information, and (3) the

---

(*Id.*) That letter appears in the state court record along with the Parole Board's May 2012 Notice of Decision. The Superior Court found that the Board chairman's attempt to recreate the record was sufficient, pursuant to M.R. Civ. P. 76(c), to enable the Court to evaluate the post-conviction petition. (Post-conviction Decision at 4 n.4.)

[10] Through counsel, Petitioner argued that he was denied due process because (1) parole proceeding counsel failed to ask that the parole hearing be tape recorded; (2) the post-conviction court erred in relying on the Parole Board chairman's testimony, as a single member of the Board, regarding whether it would have mattered to the Board as a whole that Petitioner was convicted of a misdemeanor rather than a felony; (3) the Parole Board's May 2012 Notice of Decision was unsigned; and (4) there was evidence that a quorum of the Parole Board was not present when the parole decision was made. (Memorandum in Support of Request for Probable Cause at 1-3.) In addition, post-conviction counsel argued that Petitioner's parole proceeding counsel was ineffective for submitting a re-entry plan that included a provision for subsidized housing, without clarifying Petitioner's status vis-à-vis the sex offender registry and thus without clarifying whether or not Petitioner would be eligible for subsidized housing. (*Id.* at 4.) Petitioner also filed a *pro se* memorandum, along with several attachments, addressing essentially the same arguments as post-conviction counsel had raised, but added that (1) Petitioner was not allowed to review the re-entry plan submitted at the parole hearing; (2) Petitioner sent letters to parole proceeding counsel asking that the proceeding be tape-recorded, but parole proceeding counsel failed to acknowledge these in his post-conviction hearing testimony, and post-conviction counsel failed to press the issue; (3) Petitioner's 2001 parole revocation should have been reconsidered given that the underlying conviction was a misdemeanor rather than a felony; (4) Petitioner was denied due process, and post-conviction counsel was ineffective, because witnesses in the post-conviction proceeding were not sequestered; and (5) Petitioner's counsel did not present Petitioner's notice of appeal of the Parole Board's decision. (Petitioner's Supplemental Memorandum at 2-5.)

Parole Board lacked a quorum. (Petition, ECF No. 1, at 5.) Petitioner also claims that he was denied due process with respect to his re-entry plan, (*Id.* at 7), and that his counsel was ineffective.[11] The State argues that the Court should dismiss the petition. (Response, ECF No. 7.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[12] Federal habeas relief is not available for an error of state law in a parole proceeding. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam).

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication−and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

*Id.* at 862 (citation omitted). In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), the Supreme Court held that a prisoner's "expectancy of release," created by the existence of a state parole statute (in that case a Nebraska statute) "is entitled to some measure of constitutional protection." *Id.* at 12. The Court concluded that because the state statute at issue afforded an opportunity to be heard and informed the inmate "in what respects he

---

[11] Petitioner's fourth ground reiterates his allegation that the Parole Board's decision was based on mistaken information. (Petition, ECF No. 4 at 2.)

[12] As set forth in the factual background and procedural history explained above, Petitioner's pending petition is not his first federal habeas petition concerning parole. However, that does not render the pending petition a second or successive habeas petition under 28 U.S.C. § 2244. *See Restucci v. Bender*, 599 F.3d 8, 9-10 (1st Cir. 2010) (per curiam) ("Although neither we nor the Supreme Court have specifically addressed whether a claim based on the wrongful denial of parole is considered a 'second or successive' petition for purposes of 28 U.S.C. § 2244(b), the courts of appeal that have decided the issue have concluded that such a claim is not 'second or successive,' and therefore is not subject to the § 2244(b) gatekeeping requirements, if the prisoner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition.").

falls short of qualifying for parole," the statute provided procedural due process sufficient to meet federal constitutional standards. *Id.* at 16. Similarly, in *Swarthout*, the Court noted that the petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." 131 S. Ct. at 862. "That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process." *Id.* The Supreme Court held that federal courts are not to evaluate whether state substantive standards for parole have been met. *Id.* at 862-63.

The statutory standard of review of state habeas proceedings is set forth in section 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Here, Petitioner is in custody pursuant to a state court judgment and his procedural due process claim was decided on the merits by the state court; therefore, section 2244(d) applies.[13]

Under section 2254(d)(1), Petitioner is not entitled to relief because the state court's determination was neither contrary to nor an unreasonable application of clearly established

---

[13] In an action brought pursuant to 28 U.S.C. § 2254, this Court reviews the final reasoned opinion of the state court. *See Kidd v. Lemke*, 734 F.3d 696, 703 (7th Cir. 2013). In this case, because the Law Court denied a certificate of probable cause for an appeal, the Superior Court's post-conviction judgment, entered September 11, 2013, is the final reasoned opinion of the state court.

7

federal law as determined by the Supreme Court. The Supreme Court's holding in *Greenholtz* clearly established that a petitioner has not been deprived of federal procedural due process where the petitioner (1) is provided with the opportunity to appear at the parole hearing and (2) receives notice of the reasons for the denial of parole has not been deprived of federal procedural due process. *Greenholtz*, 442 U.S. at 16.[14] Because neither right is an issue in this case, Petitioner is not entitled to relief pursuant to section 2254(d)(1).

As to the application of section 2254(d)(2), under the Supreme Court's holding in *Swarthout*, this Court's review is limited to any facts that might suggest that Petitioner was denied the opportunity to be heard or was not notified of the reasons for the denial of parole. Because Petitioner does not claim either that he was denied the opportunity to be heard or that he was denied notice of the reasons for the Board's decision to deny parole, and because the record does not include any facts that could reasonably support any such claim, Petitioner is not entitled to relief pursuant to section 2254(d)(2).[15]

---

[14] The Supreme Court has recently emphasized that the term "clearly established Federal law, as determined by the Supreme Court of the United States," as provided in 28 U.S.C. § 2254(d)(1), "prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" *Lopez v. Smith*, --- U.S. ---, ---, 2014 WL 4956764, at *1, 2014 U.S. Lexis 4916, at *1 (Oct. 6, 2014) (per curiam) (citing *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450-51 (2013) (per curiam)). The Court added that "Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced.'" *Lopez,* 2014 WL 4956764, at *3, 2014 U.S. Lexis 4916, at *8 (quoting *Marshall*, 133 S. Ct. at 1450). Therefore, regardless of any procedural due process rights that may be provided under Maine law, this Court may not recognize greater rights than those provided in *Greenholtz*, which is the relevant Supreme Court case concerning due process in parole proceedings. *See Greenholtz.* 442 U.S. at 16.

[15] Because Petitioner does not allege that he was not provided the reasons for the Parole Board's denial of parole, this Court need not reach the issue of whether the reason set forth in the Board's Notice of Parole Decision was constitutionally adequate for purposes of federal procedural due process. The rules governing the parole release decision provide: "If the decision is to deny parole or continue the case, the inmate is informed of the reason(s) of the denial or the continuance and within ten (10) days is sent a memorandum stating in more detail the reasons for denial or continuance." 03-208 C.M.R. ch. 1, § II. Petitioner likely would not have been entitled to relief even if he had asserted such a claim, because the state post-conviction court found that the Board "acted in substantial compliance with" the rules governing the parole release decision. (Post-conviction Decision at 3.) The state court's factual findings are "presumed to be correct," unless the petitioner rebuts the presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Furthermore, Petitioner is not entitled to relief on his ineffective assistance of counsel claims based on the representation of parole proceeding counsel or post-conviction counsel. The State has no federal constitutional responsibility to provide counsel in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.*[16] In addition, Petitioner's claims are barred by 28 U.S.C. § 2254(i), which provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Petitioner, therefore, cannot prevail on a claim for ineffective assistance of counsel in connection with the state post-conviction proceedings.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. In addition, the recommendation is that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

---

[16] The Supreme Court has interpreted the term "post-conviction proceeding" to include state court petitions seeking discretionary review in the state's appellate court. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012).

with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2014.